By the Court.
 

 On the issues joined by the pleadings the Court of Appeals found in favor of the plaintiffs, the defendants in error here, and with that finding we are not disposed to interfere.
 

 This cause was certified to this court because of the claim made by plaintiff in error that the action instituted in the court of common pleas was not a chancery case, and was therefore not subject to appeal; that the Court of Appeals erred when it overruled the motion of defendant in error McBride, Incorporated, to dismiss the appeal.
 

 The petition of plaintiffs below alleged they were ou.t of possession. However, the cross-petition of the defendant was a bill
 
 quiet timet,
 
 or what is known to our Code as an action to quiet title. The cross-petition alleged possession in the answering defendant, and asserted that the plaintiffs claimed title to and an interest in the premises in question. In the case developed by the pleadings the claim of title made by the plaintiffs was a cloud upon the title of the defendant, which it had a right to remove. If, under the former decisions of this court, the plaintiffs, because out of possession, could not have their remedy in chancery, but were relegated to an action in ejectment, it appears nevertheless that if the cross-petitioning defendant interposes a case, chancery in character, touching the subject-matter contained in the petition, and relief is granted thereon, the cause becomes one in chancery. 21 Corpus Juris, 506. This was in substance our holding in the case of
 
 Kiriakis
 
 v.
 
 Fountas,
 
 109 Ohio St., 553, wherein the discussion upon that subject appears in the opinion on page
 
 *447
 
 558, 143 N. E., 129. The money judgment asked for was necessarily incidental to the relief granted. Had the defendant below prevailed, no accounting could be had or money judgment recovered. If the plaintiffs prevailed on the issues made by the cross-petition, an accounting followed as a matter of course. The amount of recovery, if any, depended upon the equitable relief granted. 21 Corpus Juris, 140. An action to quiet title, authorized by Section 11901, General Code, by one in possession against another claiming an estate in the premises, is equitable in character and has been considered as an action in chancery. See the opinion of Judge Hitchcock in
 
 Clark
 
 v.
 
 Hubbard,
 
 8 Ohio, 382, 385.
 

 It follows, therefore, that the Court of Appeals did not err in overruling the motion to dismiss the appeal. However, it appears from the pleadings that there was an issue as to whether there was, any amount due for oil produced and sold. The defendant traversed the allegations, contained in. the petition as to that issue. Although title to the oil and gas lease was established in the plaintiffs below, we find no proof in the record as to what amount, if any, was due. In that respect we find no evidence supporting the recovery for money. In view of this aspect of the case, we affirm the judgment of the Court of Appeals upon the legal phases and remand the case to that court for the purpose of ascertaining the amount due defendant in error.
 

 Judgment modified, and affirmed as modified.
 

 Marshall, C. J., Robinson, Jones, Matthias, Day, Allen, and Conn, JJ., concur.