## KINSINGER v CUMMINS et

Ohio Appeals, 1st Dist, Butler Co

Decided Nov 20, 1931

Kimball Scott and Andrews, Andrews & Rogers, Hamilton, for plaintiff in error.

H. R. Reigart, W. C. Shepherd, Hamilton, for defendant in error.

ROSS, PJ.

The question presented is: Are the plaintiffs as devisees under the will of the testator, their greatgrandfather, still entitled

to take and hold the legal title and have possession of the premises in dispute under the provisions of the will?

The answer to this question is dependent upon the effect to be given the judgment in the suit to contest the will and the subsequent suit brought by the father of plaintiffs to quiet his title against them.

As to the will contest, it is manifest that this proceeding could in no way bar them and that as to them the will was still effective to pass title in the premises to them. Were this not conclusive, based upon law too well settled to now be questioned, it might be a matter for consideration as to just how far these plaintiffs were prejudiced by being omitted from the will contest as parties defendant, in view of the fact that by the verdict of the jury the will itself was vitiated, and ceased to be an effective instrument for the passage of title to the premises involved, except as to these necessary parties. That as to them it should still remain a valid will, is an anomoly, a result which would have been completely obviated by simply making them parties with the proper appointment and defense, if any, of their guardians ad litem.

While such a consideration cannot be controlling in determining the rights of these plaintiffs, it is pertinent to the claim that they have been grossly wronged, and have been entirely deprived of all substantial justice by the proceeding to quiet title brought against them.

In this subsequent proceeding, they were duly served with summons, a guardian ad litem was appointed for the minors, who filed an answer for them, and, although the presumption seems rather violent, must be presumed to have protected their interests. In any event, no proceedings in error were filed to this decree or appeal taken, and the decree now stands unimpaired and of full force and effect. Unless then, such decree was wholly void, it can not and should not be collaterally attacked in the present action. The court had jurisdiction of the persons. Did it have jurisdiction of the subject-matter of the action? The fact that the Court in the action to quiet title reached a completely erroneous conclusion, has no bearing upon the question.

It is contended that this action to quiet title was in effect a suit to contest the will. While the decree in this proceeding may have produced the same result as setting aside the will, as to these plaintiffs, the fact remains that the pleadings show clearly and justify but one conclusion, that it was an action in equity to quiet title, and it was not therefore necessary, as is urged, that it be tried to a jury as is required in will con-

test cases under the statute law of this state. As to this phase of the question, the court did have jurisdiction of the subject-matter of the action. **McBride, Inc v Murphy, et al., 111 Oh St 443.**

The present suit is simply an action to quiet title against a former decree of the same court in an action to quiet title.

It is our conclusion that the court had jurisdiction of both persons and subject-matter, as it has in the present litigation; that while its decree was erroneous and subject to direct attack, it can not now be collaterally attacked in this proceeding; and that the judgment of the court of common pleas in the instant case was erroneous. There being no dispute as to the facts, the judgment of the court of common pleas of Butler County will be reversed, and judgment will be entered here for the plaintiff in error.

HAMILTON and CUSHING, JJ, concur.