LICHTENBERGER, APPELLANT, *v.* MILLIGAN ET AL., APPELLEES.

Decided June 10, 1939.)

*Mr. Frank T. Kerr,* for appellant.
*Messrs. Iddings & Iddings,* for appellees.

NICHOLS, P. J.   This cause is in this court upon appeal on questions of law and fact from the judgment of the Common Pleas Court of Belmont county.

In his petition filed in the Court of Common Pleas, Homer B. Lichtenberger, plaintiff, alleges that he is the owner in fee simple of certain specifically described real estate situate in the town of St. Clairsville, Belmont county, Ohio; that he acquired his interest as remainderman under the will of H. A. Lichtenberger, deceased, who at the time of his death was the owner of certain specifically described real estate situate in Bellaire, Belmont county, Ohio; that under item two of his will, H. A. Lichtenberger devised and bequeathed all of his property, both real and personal, to his wife, Amelia H. Lichtenberger, during her natural life, or as long as she remained his widow, with full power to use such of his property as might be necessary for her support and maintenance, and with power to mortgage or sell his real estate and execute the necessary instruments of mortgage or conveyance thereof if the same should be necessary for her support.   This item of the will further provides: .

"If she remarry, then all of said property at that time remaining unconsumed to be divided between my said wife and my two daughters, Eva B. Cooper and Mabel V. Milligan, for their natural lives, share and share alike; if either daughter be then deceased, said property to be divided between my wife and the survivor, share and share alike for their natural lives; if both daughters should be then deceased said property to be divided between my wife and my nephew Homer B. Lichtenberger.   At the death of my said wife, said property to go to my said daughters, Eva B. Cooper and Mabel V. Milligan, share and share

alike for their natural lives; if either of them be then deceased, the survivor to take her share; upon the death of my last surviving daughter after my wife's death or if both of my said daughters be deceased at the death of my wife, then said property to go to my nephew Homer B. Lichtenberger, to him and his heirs forever.''

Plaintiff further alleged in his petition that by warranty deed dated June 20, 1922, Amelia H. Lichtenberger, Evelyn L. Melton, Mabel L. Milligan and W. L. Milligan, her husband, conveyed the premises of which H. A. Lichtenberger died seized to one F. P. Ambler; and thereafter by deed dated July 5, 1922, Amelia H. Lichtenberger and Mabel L. Milligan and Evelyn L. Melton ''heirs of the will of H. A. Lichtenberger, deceased,'' acquired the real estate situate in St. Clairsville, the deed reciting:

''Said Amelia H. Lichtenberger to have and enjoy during her lifetime the benefits of said property under the will of H. A. Lichtenberger, deceased, and at her death to revert to Mabel L. Milligan and Evelyn L. Melton, heirs aforesaid.''

Plaintiff's petition further alleged that Evelyn L. Melton died a number of years ago; that Amelia H. Lichtenberger died on or about October 16, 1937; that Mabel L. Milligan died on or about January 3, 1938, leaving the defendant, William L. Milligan, her surviving spouse and sole heir at law; and that defendant, William L. Milligan, claims an estate or interest in the St. Clairsville premises adverse to plaintiff's right.

Further allegation is made that Amelia H. Lichtenberger and Mabel L. Milligan received the rents, issues and profits of the St. Clairsville real estate during their lives; and that the defendant, William L. Milligan, and William L. Milligan as administrator of the estate of Mabel L. Milligan, deceased, is receiving the rents and profits from the real estate since the decease of Mabel L. Milligan. The petition prays that the

defendants be enjoined during the pendency of the action from collecting the rents and profits from the premises; that a receiver or trustee be appointed for that purpose during the pendency of the action; that the defendants be required to account for the rents, issues and profits of the premises from the date of the death of Mabel L. Milligan; and that "defendants' alleged claim may be declared null and void, and that plaintiff's title in and to said premises may be quieted as against the claims of all persons under the will of H. A. Lichtenberger, deceased, aforesaid."

The answer of the defendant, William L. Milligan, denies the right and title claimed by plaintiff in the St. Clairsville real estate; and for a second defense alleges that the Bellaire premises devised under the will of H. A. Lichtenberger, deceased, under item two, were sold by Amelia H. Lichtenberger for her support; that the defendant, William L. Milligan, is vested with a fee simple estate in the property situated in St. Clairsville as sole heir at law of Mabel L. Milligan, deceased.

Plaintiff's reply denied the claim of title made by the defendant, William L. Milligan, and further averred "that if any part of the proceeds of the property devised under the will of H. A. Lichtenberger was used by Amelia H. Lichtenberger for her support, the balance of the proceeds of said sale were reinvested in real estate in St. Clairsville, Ohio, described in plaintiff's petition and defendants' answer and title was taken and rights vested in said property with reference to the will of H. A. Lichtenberger the same as had vested in the Bellaire property theretofore sold by Amelia H. Lichtenberger, et al., and as recited in the deed thereto."

The reply of plaintiff contains a prayer that defendants' answer be dismissed, "and that title in said property described in the petition and the answer, as lo-

cated in St. Clairsville, Belmont county, Ohio, be quieted in the plaintiff.''

The cause was submitted to this court upon the pleadings and agreed statement of facts, from which it appears that plaintiff has never been in possession, by himself or tenant, of the St. Clairsville premises described in his petition; that Amelia H. Lichtenberger did not remarry; that the two daughters of H. A. Lichtenberger, deceased, to wit, Eva B. Cooper, subsequently known as Evelyn L. Melton, and Mabel V. Milligan, subsequently known as Mabel L. Milligan, are deceased; that Evelyn L. Melton left Mabel L. Milligan as her sole next of kin; that Mabel L. Milligan left William L. Milligan as her sole next of kin; that the right, title and interest in reversion or remainder passing to the plaintiff under the will of H. A. Lichtenberger was a vested remainder in the Bellaire property, subject to be divested by the sale made by the widow under authority of the will; that such title in remainder or reversion in the Bellaire property was divested by the sale made by the widow under the will; and that any right, title or interest which the plaintiff may now have in the St. Clairsville property is no longer an estate in remainder or reversion.

The cause of action set forth in plaintiff's petition in one invoking the chancery jurisdiction of the Common Pleas Court, the relief sought therein being a decree quieting plaintiff's alleged title in the St. Clairsville property. It is true that plaintiff seeks an injunction and accounting of the rents and profits received from the St. Clairsville property, but it is apparent that such relief is incidental only and stands or falls upon the granting of the principal relief prayed for, to wit, the quieting of plaintiff's title. In order that plaintiff may invoke the jurisdiction of the Common Pleas Court to have his title in the St. Clairsville property quieted, he must come within the provi-

sions of Section 11901, General Code, which provides as follows:

"An action may be brought by a person in possession of real property, by himself or tenant, against any person who claims an estate or interest therein, adverse to him, for the purpose of determining such adverse estate or interest; or such action may be brought by a person out of possession, having, or claiming to have, an estate or interest in remainder or reversion in real property, against any person who claims to have an estate or interest therein, adverse to him, for the purpose of determining the interests of the parties therein."

We conclude that under the pleadings and facts above set forth, plaintiff has not brought himself within the provisions of the quoted section, and that under the pleadings and facts shown in the record plaintiff had no right to invoke the chancery jurisdiction of the Common Pleas Court; nor has he any right to invoke the chancery jurisdiction of this Court of Appeals by his appeal upon questions of law and fact. Without determining to what relief, if any, plaintiff may be entitled in an action at law, we conclude that his present action must be dismissed at his costs, for want of jurisdiction in either the Court of Common Pleas or in this court to entertain the same.

In support of our conclusions in this matter it may be stated that neither by allegation nor proof has plaintiff shown that he is in possession of the St.' Clairsville real estate, either in person or by tenant. Indeed, the facts show that he is out of possession and that the present occupants of the property hold under tenancy of the defendant. Thus plaintiff does not bring himself within the first portion of Section 11901, General Code; nor does he bring himself within the second portion of this section as being one out of possession, having, or claiming to have, an estate or interest in remainder or reversion in the property.

Plaintiff asserts, in the first allegation of his petition, that he "is the owner in fee simple" of the St. Clairsville property. True, plaintiff further asserts that he "acquired his interest as remainderman under the will of H. A. Lichtenberger, deceased," but this is not an allegation that he has, or claims to have, a present estate in remainder or reversion, but is merely an historical statement as to the manner in which he claims to have acquired his present estate in fee simple.

Section 11901, General Code, was formerly Section 5779, Revised Statutes. This section was amended in 1893 (90 Ohio Laws, 226). Before the amendment a person out of possession could not maintain an action to quiet title. He must have been in possession. Since the amendment certain persons out of possession are authorized to bring an action to quiet title, to wit, persons having, or claiming to have, an estate in remainder or reversion. Plaintiff in this action having no estate in remainder or reversion but claiming to have a present fee simple estate in the whole property, is not one of the persons for whose benefit the amendment was adopted.

From the syllabus of the case of *Raymond* v. *T., St. L. & K. C. Ry. Co.*, 57 Ohio St., 271, 48 N. E., 1093, we quote:

"7. Section 5779, Revised Statutes, gives a right of action to quiet title to one out of possession who claims an estate or interest in remainder or reversion in real property. It does not give such right to one out of possession who claims the entire estate."

We further quote from the syllabus in the above cited case:

"3. Whether a case is one in equity or at law, does not depend upon the understanding of counsel, or of the trial court, nor upon the form of the judgment rendered, but upon the nature of the action as shown by the pleadings.

"4. A petition against a railroad company by one

out of possession of real estate, which alleges title and right to possession of the land in plaintiff, and charges a wrongful entry and possession by defendant, and prays that the defendant may show his interest therein, that it may be adjudged null and void, and that judgment. for the possession of the property may be awarded plaintiff, and defendant enjoined from interfering therewith until compensation is made, states a case for the recovery of specific real property, notwithstanding the petition also contains allegations of threatened irreparable damage, as a ground for relief by perpetual injunction, and of a dispute as to boundary lines, as a ground for action by the court in settlement of such dispute, and of a dispute as to title, as a ground for asking that plaintiff's title be quieted. Such action, being one in which either party may demand a jury, is not appealable."

Section 5779, Revised Statutes, and our present Section 11901, General Code, are identical in language. .

In the case of *McBride* v. *Murphy*, 111 Ohio St., 443, 145 N. E., 855, it is held that an action to quiet title, authorized by Section 11901, General Code, by one in possession against another claiming an estate in the premises, is equitable in character and has been considered as an action in chancery. In that case the petition was filed by one out of possession, but a cross-petition was filed by the defendant alleging possession in him and alleging that the plaintiffs claimed title to and an interest in the premises. In the opinion the court says:

"If, under the former decisions of this court, the plaintiffs, because out of possession, could not have their remedy in chancery, but were relegated to an action in ejectment, it appears nevertheless that if the cross-petitioning defendant interposes a case, chancery in character, touching the subject matter contained in the petition, and relief is granted thereon, the cause becomes one in chancery."

In the case we have under consideration, no cross-petition was filed by the defendants; hence, the chancery jurisdiction of the Common Pleas Court in this action was not invoked under the pleadings filed by either plaintiff or defendants; and that court being without jurisdiction, the action is not appealable to this court for trial *de novo*. To the same effect see, *Jenkins* v. *Artz,* 7 N. P., 371, 6 O. D. (N. P.), 439, from which we quote the fifth paragraph of the syllabus:

"5. Where the plaintiff in an action to quiet his title to certain real estate, claims an interest in fee simple, not only in a portion of the premises, but in the whole estate, his cause of action does not come within the provisions of Section 5779, as amended, and therefore plaintiff is not entitled to the remedy he seeks, and his petition and cause of action may be dismissed at his costs."

We think the court in that case did not intend by the use of the word "may" to hold that the matter was within the discretion of the court, but that the court was mandatorily required to dismiss the action because it had no jurisdiction of the subject thereof. The rule is recognized in 33 Ohio Jurisprudence, 854, Section 13.

For the reasons stated, the action is dismissed at plaintiff's costs.

*Petition dismissed.*

CARTER and PHILLIPS, JJ., concur.