BRADFORD ET AL., ADMRS., APPELLEES, *v.* MICKLETHWAITE ET AL., APPELLEES; ET AL., APPELLANTS.

(No. 5075—Decided April 27, 1954.)

*Mr. H. Paul Joseph,* for plaintiff appellees.

*Messrs. Graham, Graham, Hollingsworth, Gottlieb & Johnston,* for defendant appellees.

*Mr. Carrington T. Marshall, Mr. Orland R. Crawfis, Mr. John H. Summers, Mr. Frank A. Hunter, Mr. Peter Vacca, Mr. Aaron J. Halloran, Mr. Donald M. Hamilton, Sr., Mr. Frank H. Kearns,* prosecuting attorney, *Mr. Paul W. Martin* and *Mr. Charles A. Eberly,* for appellants.

MILLER, J.   This cause was submitted upon the motion of Hazel M. Melick, Raymond C. Micklethwaite and Chester A. Micklethwaite, defendants, appellees herein, seeking an order dismissing the appeal on questions of law and fact for the reason that the court has no jurisdiction to entertain such an appeal.   The appeal, which is brought by practically all the remaining defendants, is from the judgment of the Probate Court of Franklin County, determining that the appellees are the sole persons entitled to inherit the property of the intestate decedent, Dennis Raymond Kelly.

The action was instituted by the coadministrators of such estate who sought a determination of heirship under the provisions of Section 2123.01 *et seq.,* Revised Code.   All counsel seem to recognize that such a proceeding is purely statutory in character, is not a chancery action, and is not appealable on questions of law and fact.   It is urged, however, that the character of an action is not determined solely from the petition but from the primary relief sought under the issues raised by the pleadings.   We can agree with such a conclusion. ·See *O'Leary, Exr.,* v. *Burnett,* 87 Ohio App., 70, 87 N. E. (2d), 897 ; *Clark* v. *Clark,* 110 Ohio St., 644, 144 N. E., 743.   Our examination of the voluminous pleadings filed herein, there being some 28 defendants, discloses that the primary and only relief sought is the de-

termination of who are the lawful heirs of the decedent. It is to be noted that defendant Rose Sigler McGhiey, appellant herein, filed an answer and a supplemental answer. In the original answer, she admitted that Dennis Raymond Kelly, deceased, was duly adopted as alleged in the petition. However, in her supplemental answer, she pleads that the adoption was without her knowledge and consent, and that it was fraudulent and "wholly illegal, void and of no effect whatever as affecting the status of the said son." Her prayer then is as follows:

"Wherefore, this defendant prays this court for a judgment and decree, declaring, determining and adjudging this defendant to be the sole and only heir at law and next of kin of said decedent and as such sole and only heir at law and next of kin that she inherited and is entitled to be possessed of the entire estate of said decedent, and for all other proper relief to which she may be entitled."

Each of the remaining defendants, after setting out their defense, seeks a determination of the heirs of said Dennis Raymond Kelly. We find none of the pleadings seeks or prays for an affirmative relief in setting aside the judgment of adoption in the Illinois court. The answer attacking the adoption proceeding appears to us to be in the nature of an equitable defense to an action at law, which does not change the character of the case to one in chancery. In 2 Ohio Jurisprudence (2d), 749, Section 148, it is said:

"That an equitable defense is set up in an action at law, or one which, under the former rule, plaintiff was entitled to have tried by jury, does not always make the case appealable on questions of law and fact. Thus, the fact that an answer in an action on a note set up an equitable defense did not make a case so appealable, where the answer went only to the credit upon the note and, if sustained, would not extinguish the plaintiff's demand. A defense in the nature of fraud, even though cancelation, etc., are sought, but in which no affirmative relief by way of cross demand which if tried first would wholly supersede the plaintiff's claim is pleaded, is defensive, does not convert the cause into chancery, and does not make the case appealable on questions of law and fact.

"A distinction must be observed between a mere equitable

defense and a cross-petition. Although a plaintiff's cause of action may be at law, or one that under the former rule was triable by jury, where a new matter set up in the answer constitutes an equitable cause of action, which, if established, will extinguish or supersede the case made in the petition, the issues taken on such new matter are triable by the court, and not as of right by a jury. Such matter, where it constitutes a new affirmative chancery cause of action requiring a trial in advance and superseding the plaintiff's case if sustained, makes the case so determined appealable on questions of law and fact, whether or not issue is taken on the averments of the petition. If issue is taken on the averments of the petition, the materiality of such issue will depend upon the result of the trial of the equitable case made by the defendant. If the equitable case is established, the decree will end the controversy and settle the rights of the parties. But if the defendant fails in his equitable case, the issues raised on the petition must be disposed of before the case can pass to final judgment.''

In the case of *Lichtenberger* v. *Milligan,* 63 Ohio App., 107, 25 N. E. (2d), 357, the syllabus provides:

''Where a person not in possession, in an action to quiet title to certain real estate, and also seeking an injunction and accounting of rents and profits, alleges that he is the owner in fee simple and that he acquired his interest as remainderman, his cause of action does not come within Section 11901, General Code, which gives 'a right of action to quiet title to one out of possession who claims an estate in remainder or reversion in real property,' and the cause of action is not within the jurisdiction of a court of equity. The relief asked for by way of injunction and accounting being incidental only, stands or falls upon the granting or denying of the principal relief prayed for, the quieting of title.''

In *Raymond* v. *T., St. L. & K. C. Rd. Co.,* 57 Ohio St., 271, 48 N. E., 1093, the syllabus, in part, provides as follows:

''3. Whether a case is one in equity or at law, does not depend upon the understanding of counsel, or of the trial court, nor upon the form of the judgment rendered, but upon the nature of the action as shown by the pleadings.

''* * *

"5. The nature of such action is not changed by an answer which pleads an estoppel merely as an equitable defense.

"6. Allegations of new matter of an equitable nature in the reply, do not change the nature of the action itself."

Our examination of the pleadings reveals that the primary and only relief sought by all the parties is that they be determined to be the heirs of the decedent. The other questions raised are merely incidental to the primary question of heirship. The appeal is, therefore, one on questions of law only.

The motion to dismiss is sustained, but the cause will be retained for determination on questions of law. The appellants are granted leave to perfect such appeal in accordance with the supplement to Rule VII of this court. We recognize that this is an appealable order (*In re Estate of Stafford*, 146 Ohio St., 253, 65 N. E. [2d], 701), and in the event an appeal is taken on it to the Supreme Court and the ruling of this court is sustained, then the time for perfecting the appeal on questions of law shall not start to run until the judgment of the Supreme Court is journalized.

*Motion to dismiss sustained*

WISEMAN, P. J., and HORNBECK, J., concur.