I. {¶ 17} While I agree with the majority that class certification is not necessarily precluded by the "fact that money damages are also sought in addition to injunctive relief[,]" Hamilton v. Ohio Sav. Bank (1998),82 Ohio St.3d 67, 87, I disagree with the majority's conclusion that the plaintiffs' request for a medical monitoring fund is injunctive in nature. Simply put, an award establishing a medical monitoring fund for past harms allegedly suffered is monetary in nature and not injunctive. An injunction constitutes an order by a court to do or not do something and is a preventive remedy, not a redress for wrongs already suffered. Therefore, I believe the trial court properly found that the plaintiffs did not meet the class certification requirements of Civ.R. 23(B)(2). I therefore respectfully dissent.
 II. {¶ 18} Under Civ.R. 23(B)(2), class action certification should be rejected if the relief sought is primarily monetary. Warner v. WasteMgt., Inc. (1988), 36 Ohio St.3d 91. Here, the relief sought is only
monetary. Plaintiffs do not seek to enjoin Brush from using beryllium, nor even to prevent Brush from liquidating an existing fund. Plaintiffs seek the establishment of a fund. In other words, they seek an award of money damages to be applied towards the cost of medical screening to discover whether former independent contractors were exposed in the past to dangerous levels of beryllium.
 {¶ 19} The plaintiffs' designation of the requested relief as injunctive notwithstanding,[13] the relief sought fits squarely within the definition of an injunction, which is "a command to do or refrain from doing a particular act." 56 Ohio Jurisprudence 3d (2000), Injunctions, Section 1. While, broadly speaking, a "command" (or order) requiring Brush to pay for a fund could fit within this definition, so could an order that Brush pay restitution costs to those whom it tortiously injured. In other words, all judgments include some kind of order. The question is what is the nature of the order or remedy. Here, because the plaintiffs seek in essence a monetary award, the nature of the proposed remedy is compensatory, not injunctive.
 {¶ 20} Further, "the main purpose of injunctive process is the prevention of threatened, rather than the cure of consummated, injuries." 56 Ohio Jurisprudence 3d (2000), Injunctions, Section 20 (citation omitted). "Injunction is essentially a preventive remedy, designed to guard against future injury rather than to afford redress for wrongs already suffered. Generally speaking, it cannot be applied correctively to remove an injury already done; since equity cannot enjoin that which has been accomplished." Id., Section 5 (citation omitted).
 {¶ 21} The injury complained of here, tortious exposure to beryllium, happened (if at all) before the year 2000.[14] Therefore, the plaintiffs do not seek to guard against future injury. They seek money to determine whether or not any injuries occurred in the past.
 III. {¶ 22} I have limited my dissent to respond only to the majority's opinion, but I quickly mention here that a class action designation would be inappropriate here for a number of reasons. Suffice it to say here that a proposed class that encompasses independent contractors who worked at various times over the years 1953 to 1999 at various jobs in various capacities with the potential of drastically different levels of exposure to beryllium creates individual issues of liability that can only be determined on individual bases.
 {¶ 23} In any event, because the plaintiffs seek essentially a monetary award and because they seek the redress of past wrongs rather than prevention of future harm, I would hold that the trial court did not abuse its discretion in finding that the plaintiffs have not met the requirements for class actions found in Civ.R. 23. I respectfully dissent.
[13] See, e.g., McCarley v. O.O McIntyre Park Dist. (Feb. 11, 2000), Gallia App. No. 99 CA 07, at *28-29: "Whether an action invokes the court's equitable jurisdiction depends upon the nature of the action as shown by the pleadings; it does not depend upon the understanding of the parties or the form of the trial court's judgment. Raymond, supra, at paragraph three of the syllabus; see, also, Reed v. Reed (1874),25 Ohio St. 422, paragraph one of the syllabus. Thus, in order to determine whether a plaintiff invoked the equitable jurisdiction of the trial court, we must examine the pleadings and ascertain the primary relief sought. See Bradford v. Micklethwaite (1954), 99 Ohio App. 119,123, 131 N.E.2d 685. Even if a complaint seeks equitable relief, an action may still be considered one at law if the equitable relief is merely ancillary to the primary relief sought at law. See Raymond,57 Ohio St. at 287. Conversely, when a complaint seeks equitable relief and requests incidental relief obtainable at law, the action is considered equitable in nature. Bradford, 99 Ohio App. at 123."
[14] The plaintiffs seek to establish a class of those who worked at the plant from 1953 until 1999.