[Cite as *Wilk v. Discover Bank*, 2019-Ohio-3842.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## LAKE COUNTY, OHIO

KEITH R. WILK,                          :        **O P I N I O N**

      Plaintiff-Appellant,          :

      - vs -                          :        **CASE NO. 2019-L-006**

DISCOVER BANK, et al.,                  :

      Defendants-Appellees.         :

Civil Appeal from the Lake County Court of Common Pleas, Case No. 2018 CV 001541.

Judgment:  Affirmed in part, reversed in part and remanded.

*David N. Patterson*, P.O. Box 1423, Willoughby, Ohio 44096 (For Plaintiff-Appellant).

*Anthony A. Mahan*, Mahan Law, 102 Fairfield Avenue, 2nd Floor, Bellevue, Kentucky 41073 (For Defendants-Appellees).

*Kelly Wilk*, pro se, 120 Nye Road, Apt. 803, Painesville, Ohio 44077 (Defendant-Appellee).

THOMAS R. WRIGHT, P.J.

{¶1}    Appellant, Keith R. Wilk, appeals the trial court's decisions dismissing his claims against appellees, Discover Bank and Kelly Wilk.  We affirm in part, reverse in part, and remand.

{¶2}    Keith filed suit against Discover and his ex-wife Kelly.  The trial court subsequently granted Discover's motion to dismiss the claims against it based on Keith's

failure to state a claim upon which relief could be granted. The court also dismissed Keith's claims against Kelly for failure to prosecute.

{¶3} Keith's first of two assigned errors asserts:

{¶4} "Reviewing appellee's motion to dismiss de novo, the trial court erred to the prejudice of appellant by dismissing the complaint against appellee pursuant to Section 2329.02 of the Ohio Revised Code or otherwise pursuant to Civ.R. 12(B)(6)."

{¶5} We review decisions granting a Civ.R. 12(B)(6) motion de novo and accept the factual allegations in the complaint as true. *LGR Realty, Inc. v. Frank & London Ins. Agency*, 152 Ohio St.3d 517, 2018-Ohio-334, 98 N.E.3d 241, ¶ 10.

{¶6} "In construing a complaint upon a motion to dismiss for failure to state a claim, we must presume that all factual allegations of the complaint are true and make all reasonable inferences in favor of the non-moving party. * * * Then, before we may dismiss the complaint, it must appear beyond doubt that plaintiff can prove no set of facts warranting a recovery. * * * Unsupported *conclusions* * * * are not sufficient to withstand such a motion." (Emphasis sic.) (Citations omitted.) *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192-93, 532 N.E.2d 753 (1988).

{¶7} Keith's complaint lists seven counts for relief. Each count is premised on the same fact pattern, which alleges that Keith and Kelly were divorced and that as of November 2010, Keith became the sole fee simple owner of real property located in Willoughby, Ohio following their divorce proceedings. Keith likewise alleges that after he became the sole owner of this property, Discover secured a judgment lien "solely" against Kelly in Lake County, Ohio on June 2, 2011. Keith claims he was not named as a party in the judgment lien proceedings and that he did not receive notice of the proceedings

2

instituted by Discover leading to the judgment lien. Keith also asserts he was not an interested party and that he was not responsible for the underlying Discover debt because it was Kelly's separate debt.

{¶8} Notwithstanding, Keith claims Discover improperly filed a lien against his real property based on its judgment lien against Kelly and that this lien caused Keith's mortgage company to institute foreclosure proceedings against him. Keith also asserts that Discover "make[s] claims in the foreclosure proceedings."

{¶9} In his demand for judgment, Keith seeks money damages and for declaratory judgment to quiet title and a determination that neither Discover nor Kelly have an interest in the real property and that each should be enjoined from asserting any interest in this property in the future. Keith does not attach any documents to his complaint consistent with Civ.R. 10(D)(1).

{¶10} In lieu of an answer, Discover moved to dismiss under Civ.R. 12(B)(6) based on R.C. 2329.02. Discover argues that its judgment lien against Kelly that was filed with the clerk of courts only acts as a lien upon property *owned by her* in the same county by operation of law, and not against Keith's property. Discover claims that unless a certificate of judgment is filed with the county recorder, a judgment lien will never act as a lien upon property not in the name of the judgment debtor.

{¶11} Discover contends that Keith's misunderstanding of the law governing judgment liens caused him to file the claims against Discover with no basis. Discover also argues that Keith fails to state a claim as a matter of law because he fails to contend in his complaint that Discover filed a certificate of judgment *with the county recorder*, which is the only way a judgment lien can attach to property not in the debtor's name, and

3

thus, Keith's property was unaffected by Discover's judgment lien against Kelly as a matter of law. Its argument is based on the second paragraph of R.C. 2329.02.

**{¶12}** Finally, Discover argues that if Keith's mortgage company filed its foreclosure action based solely on Discover's judgment lien against Kelly as Keith alleges, then responsibility lies with Keith's mortgage company, not Discover.

**{¶13}** Keith did not file a written opposition, and he did not file an amended complaint in response. Civ.R. 15(A). The trial court granted Discover's motion to dismiss based on R.C. 2329.02 with no analysis.

**{¶14}** On appeal, Keith argues that the trial court erred in applying R.C. 2329.02 because its limitations do not apply and since Discover "continued to enforce and defend or otherwise stand silent regarding the subject Certificate of Judgment both prior to and during the foreclosure action against the property owned solely by" him.

**{¶15}** Upon reviewing the matter de novo and presuming all factual allegations of the complaint as true, dismissal of the complaint was not warranted.

**{¶16}** "The Ohio Supreme Court has long recognized that judgment liens are 'creatures of statute[,]' and that their 'existence and validity * * * [is] strictly dependent upon statutory provisions.' *Dressler v. Bowling* (1986), 24 Ohio St.3d 14, 15, citing *Davis v. Messenger* (1867), 17 Ohio St. 231; *Kilbreth v. Diss* (1873), 24 Ohio St.2d 379; *Tucker v. Shade* (1874), 25 Ohio St. 355; *Gorrell v. Kelsey* (1883), 40 Ohio St. 117." *State ex rel. Collier v. Farley*, 4th Dist. Lawrence No. 05CA31, 2006-Ohio-4901, ¶ 17.

**{¶17}** "[P]ursuant to R.C. 2329.02, a lien is immediately created upon the lands of the judgment debtor when a certificate of judgment is filed with the clerk of courts. *Std. Hardware & Supply Co. v. Bolen* (1996) 115 Ohio App.3d 579, 582, citing *Tyler Refrig.*

4

*Equip. Co. v. Stonick* (1981), 3 Ohio App.3d 167, 169; *Maddox v. Astro Investments* (1975), 45 Ohio App.2d 203, 205-207. The act of filing is constructive notice to all parties of the existence of the lien. *Id.*" *Id.* at ¶ 19; *Feinstein v. Rogers*, 2 Ohio App.3d 96, 440 N.E.2d 1207, 1208 (10th Dist.1981).

{¶18} The first paragraph of R.C. 2329.02 creates an automatic judgment lien on the judgment debtor's lands located in the same county. Because the complaint alleges that the judgment was against Kelly alone, not Keith, the first paragraph of R.C. 2329.02 does not create an automatic judgment lien on Keith's property. This is consistent with Discover's argument.

{¶19} However, the facts are not as clear as Discover alleges. Instead, and as stated, Keith claims Discover improperly "filed a lien against" his property and that this lien caused Keith's mortgage company to institute foreclosure proceedings against him. Keith also asserts that Discover "make[s] claims in the foreclosure proceedings." Because the basis for these allegations is not clearly tied to the automatic lien created via the first paragraph of R.C. 2329.02, dismissal on this basis was not warranted.

{¶20} Moreover, Discover's motion to dismiss relies on the *absence* of an allegation in the complaint that Discover secured its judgment lien against Keith's real property by filing its certificate of judgment against Keith's property with the county recorder. Upon reviewing a motion to dismiss for failure to state a claim, a trial court is to presume all inferences in favor of the nonmoving party. Keith's complaint is silent as to how Discover secured the alleged lien against his property. And although Discover claims that it never filed a lien against Keith's real property, it does not support this contention with evidence and move for summary judgment instead of Civ.R. 12(B)(6) dismissal.

5

Thus, upon construing the allegations in Keith's complaint in his favor, Civ.R. 12(B)(6) dismissal was not warranted based on R.C 2329.02. Our holding does not, however, preclude summary judgment in the future.

**{¶21}** Accordingly, we address each of Keith's claims in the order asserted in his complaint in conjunction with the other arguments in Discover's motion to dismiss to determine if dismissal was appropriate for alternative reasons.

**{¶22}** Keith's "first count," titled "violations of federal and state protections and law," lists numerous statutes and federal regulations in one paragraph with no accompanying factual allegations. To the extent that he lists a statute or regulation in the complaint with no corresponding factual allegations indicating the basis for the claim, we do not address them, and find that each was properly dismissed. Civ.R. 12(B)(6). Keith's first count sets forth three separate grounds for relief.

**{¶23}** The first claim under his first count alleges violations of R.C. 1322.07 "and other applicable laws, rules, regulations and other legal authority" based on Discover's alleged "various omissions and/or misrepresentations in the aforementioned documentation." Upon liberally construing the complaint, Keith is claiming that Discover's act in securing a lien against his real property or by asserting a claim in the foreclosure action against him violates R.C. 1322.07.

**{¶24}** R.C. 1322.07, *Certificate of mortgage lender, mortgage servicer, or mortgage broker registration; mortgage loan originator license*, governs the licensing of mortgage lenders, servicers, and loan originators. Keith's complaint does not contend that Discover was acting in any of these capacities, and we cannot fathom what he is alleging in relation to this provision. Thus, Keith's first allegation under his first count was

6

properly dismissed because it fails to state a claim for which relief can be granted. Civ.R. 12(B)(6).

{¶25} Keith's second claim under his first count asserts violations of 15 U.S.C. 1692e(2), e(5), and e(7), subsections of the Federal Fair Debt Collection Practices Act. He alleges that Discover filed incorrect, improper, or misleading foreclosure litigation and related correspondence.

{¶26} 15 U.S.C.. 1692e states: "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

{¶27} "(2) The false representation of--

{¶28} "(A) the character, amount, or legal status of any debt; or

{¶29} "(B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.

{¶30} "* * *

{¶31} "(5) The threat to take any action that cannot legally be taken or that is not intended to be taken.

{¶32} "* * *

{¶33} "(7) The false representation or implication that the consumer committed any crime or other conduct in order to disgrace the consumer."

{¶34} Upon liberally construing the allegations in the complaint in Keith's favor, the dismissal of this claim was not warranted. Keith's complaint can be construed as alleging that Discover improperly attempted to collect Kelly's debt from him by securing a

lien against Keith's real property, by making a claim in the foreclosure proceedings, or by allowing the lien to remain against Keith's property despite Discover's alleged knowledge that the lien was improper.

{¶35} Discover argues that any claim under 15 U.S.C.. 1692e is barred by a one-year statute of limitations. 15 U.S.C. 1692k(d). Because the precise date and nature of Discover's action at issue here is unclear, Civ.R. 12(B)(6) dismissal was not warranted based on the statute of limitations. Thus, the trial court erred in dismissing this claim, as set forth in paragraphs 34, 35, and 37 of Keith's complaint.

{¶36} Keith's third and final claim under his first count asserts Discover violated 24 C.F.R. 3500.21(d) and 15 U.S.C. 1641(g) based on Discover's alleged failure to provide him with mandatory notices.

{¶37} 24 C.F.R. 3500.21(d) used to provide for notice of transfer of one's loan servicing to another company. However, this regulation no longer exists. Here, Keith makes no allegation that Discover is or was ever Keith's mortgage loan service provider. Thus, the allegation that Discover violated 24 C.F.R. 3500.21(d) fails to state a viable claim for relief and was properly dismissed. Civ.R. 12(B)(6).

{¶38} This third claim also alleges a violation of 15 U.S.C. 1641(g), which also requires notice when a mortgage loan is sold or transferred to a third party and authorizes potential liability for assignees that fail to provide notice of transfer. Again, however, there is no discernible allegation in the complaint that Discover was or is the owner or servicer of his mortgage loan. Thus, his third claim for relief under his first count fails to state a claim for which relief can be granted, and it was properly dismissed.

**{¶39}** Keith's second count alleges that Discover was negligent and that it breached its fiduciary duties owed to him. Discover does not, however, argue alternative grounds supporting the dismissal of Keith's negligence and breach of fiduciary duties claims. Accordingly, we do not address the merits here. Dismissal of Keith's negligence and breach of fiduciary duty claims was thus improper.

**{¶40}** Count three of Keith's complaint alleges a slander of title cause of action. To state a viable slander of title claim, a plaintiff must allege: "'(1) there was a publication of a slanderous statement disparaging claimant's title; (2) the statement was false; (3) the statement was made with malice or made with reckless disregard of its falsity; and (4) the statement caused actual or special damages.'" (Citation omitted.) *Green v. Lemarr*, 139 Ohio App.3d 414, 430-31, 744 N.E.2d 212 (2d Dist.2000).

**{¶41}** As alternative grounds for dismissal of this claim, Discover argues that dismissal is warranted because Keith does not allege in his complaint that Discover made any false statement relative to the certificate of judgment. We disagree. Upon construing the allegations in the complaint in Keith's favor, he is claiming that Discover's act in securing the lien against his property was a false statement that caused his loan company to institute foreclosure proceedings. Thus, dismissal of this claim was not warranted under Civ.R. 12(B)(6).

**{¶42}** Count four of Keith's complaint seeks declaratory judgment to quiet title to his real property and a declaration that neither Discover nor Kelly have an interest in his property.

**{¶43}** "An action for quiet title permits a person in possession of real property to bring an action against a person who claims an adverse interest for the purpose of

9

determining such adverse interest. R.C. 5303.01. Quiet title actions are generally used to remove a cloud on one's title to real property and are considered equitable in nature. *Maasen v. Zopff*, 12th Dist. Warren Nos. 98-10-135, 98-10-138, 98-12-153, 1999 WL 552747, *11 (July 26, 1999); *W.C. McBride, Inc. v. Murphy*, 111 Ohio St. 443, 447, 145 N.E. 855 (1924). "'A cloud on the title to property is an outstanding claim or encumbrance which, if valid, would affect or impair the title of the owner of a particular estate, and on its face has that effect, but can be shown by extrinsic proof to be invalid or inapplicable to the estate in question.'" (Citation omitted.) *Gasper v. Bank of America, N.A.*, 9th Dist. Medina No. 17CA0091-M, 2019-Ohio-1150, ¶ 31.

{¶44} Discover alleges that this claim should be dismissed since there are no allegations in the complaint that Discover made any claims against Keith's title. Upon presuming all factual allegations in the complaint are true and making all reasonable inferences in Keith's favor, we disagree. Keith claims that Discover "filed a lien against" his property and that this lien caused Keith's mortgage company to institute foreclosure proceedings against him. He also asserts that Discover "make[s] claims in the foreclosure proceedings." Thus, the dismissal of Keith's quiet title action was improper at this juncture. Civ.R. 12(B)(6).

{¶45} Count five of Keith's complaint sets forth claims for fraud and misrepresentation.

{¶46} "Fraud is defined as (1) a representation or, where there is a duty to disclose, concealment of a fact; (2) which is material to the transaction at hand; (3) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred; (4) with the intent of misleading

10

another into relying upon it; (5) justifiable reliance upon the representation or concealment; and (6) a resulting injury proximately caused by the reliance. *Williams v. Aetna Fin. Co.* (1998), 83 Ohio St.3d 464, 475, 700 N.E.2d 859, 868." *Martin v. Ohio State Univ. Found.*, 139 Ohio App.3d 89, 98, 742 N.E.2d 1198 (10th Dist.2000).

**{¶47}** Discover's argument for dismissal of this claim asserts that dismissal is warranted because Keith does not allege in his complaint that Discover and Keith ever interacted or communicated. It also alleges that the complaint "admits" that Discover has not made any false or misleading statements and that Discover has not attempted to enforce its judgment against Keith's real property.

**{¶48}** "In all averments of fraud * * *, the circumstances constituting fraud * * * shall be stated with particularity." Civ.R. 9(B). Pleading fraud with particularity "means that the pleading must contain allegations of fact which tend to show each and every element of a cause of action for fraud." *Minaya v. NVR, Inc.*, 8th Dist. Cuyahoga No. 105445, 2017-Ohio-9019, 103 N.E.3d 160, ¶ 11.

**{¶49}** This court has held that to plead fraud with particularity, the complaint must specify (1) the statement claimed to be false; (2) the time and place when the statement was made; and (3) the defendant who allegedly made the false statement. *McWreath v. Cortland Bank*, 11th Dist. Trumbull No. 2010-T-0023, 2012-Ohio-3013, ¶ 60, citing *Korodi v. Minot,* 40 Ohio App.3d 1, 4, 531 N.E.2d 318 (1987).

**{¶50}** Upon reviewing the complaint in its entirety, Keith alleges that Discover falsely stated that it had a lien against his real property based on its judgment against Kelly alone. He claims that his mortgage company relied on this false lien when it accelerated the note and mortgage and instituted foreclosure proceedings against Keith,

11

which caused damages. Thus, Civ.R. 12(B)(6) dismissal was not warranted on Keith's fraud claim.

**{¶51}** As for Keith's claim for misrepresentation, Discover's motion to dismiss does not provide an alternative argument for dismissal of this claim, and as such, dismissal of this claim was erroneous.

**{¶52}** Keith's sixth count alleges a civil conspiracy.

**{¶53}** A civil conspiracy is a "'malicious combination of two or more persons to injure another, in person or property, in a way not competent for one alone.' * * * Thus, the elements that comprise a claim of civil conspiracy are (1) a malicious combination; (2) two or more persons; (3) injury to person or property; and (4) existence of an unlawful act independent from the actual conspiracy. * * * [A]n action for civil conspiracy cannot be maintained unless an underlying unlawful act is committed. * * *." *Mangelluzzi v. Morley,* 8th Dist. Cuyahoga No. 102272, 2015-Ohio-3143, 40 N.E.3d 588, ¶ 54.

**{¶54}** As Discover alleges, upon construing the facts in Keith's complaint in his favor, we cannot discern allegations supporting a civil conspiracy claim. The factual predicate for the complaint is that Discover secured a lien against Keith's property based on Kelly's personal debt, and as a result of the "improper" lien, Keith's mortgage company instituted foreclosure proceedings. Keith also claims that Discover either continues to assert its lien against his property or that it has remained silent and allowed the faulty lien to continue to exist to Keith's detriment.

**{¶55}** These facts do not support a civil conspiracy claim. Keith does not allege that Discover and Kelly acted together to harm Keith, and there is likewise no alleged

unlawful act set forth in the complaint. Accordingly, this claim fails to state a claim for which relief can be granted and dismissal of Keith's civil conspiracy claim was proper.

**{¶56}** The final count in Keith's complaint, count seven, alleges a claim for a violation of Ohio Corrupt Practices Act (OCPA) and the federal Racketeer Influenced Corrupt Practices Act (RICO), R.C. 2923.31 et seq.

**{¶57}** "To state a civil claim under the OCPA, 'a plaintiff must establish: (1) that conduct of the defendant involves the commission of two or more specifically prohibited state or federal criminal offenses; (2) that the prohibited criminal conduct of the defendant constitutes a pattern; and (3) that the defendant has participated in the affairs of an enterprise or has acquired and maintained an interest in or control of an enterprise.' * * * The failure to plead any of those elements with particularity results in a defective complaint that cannot withstand a Civ.R. 12(B)(6) motion to dismiss. * * *." *Morrow v. Reminger & Reminger Co., L.P.A.*, 183 Ohio App.3d 40, 2009-Ohio-2665, 915 N.E.2d 696, ¶ 27 (10th Dist.).

**{¶58}** "'[T]o prove a pattern of racketeering activity [to establish a RICO violation] a plaintiff * * * must show that the racketeering predicates are related, and that they amount to or pose a threat of continued criminal activity.' (Emphasis sic.) *H.J. Inc. v. Northwestern Bell Tel. Co.* (1989), 492 U.S. 229, 239, 109 S.Ct. 2893, 2900, 106 L.Ed.2d 195. (Emphasis sic.) These factors of continuity and relationship combine to produce a pattern. *Id.*, citing *Sedima, S.P.R.L. v. Imrex Co., Inc.* (1985), 473 U.S. 479, 496, 105 S.Ct. 3275, 3285, 87 L.Ed.2d 346. Similarly, in Ohio, a pattern of corrupt activity under the OCPA requires that predicate crimes be related and pose a threat of continued criminal activity." *Id.* at ¶ 30.

{¶59} Keith claims that Discover engaged in a pattern of corrupt activity by attempting to collect unlawful debt. The complaint claims Discover used various schemes to fraudulently deprive Keith of his real property. Discover's motion to dismiss argues that the allegations on this claim are so vague and conclusory that dismissal is warranted. We agree. The complaint alleges neither a pattern of corrupt activity nor the commission of two or more prohibited state or federal criminal offenses, and none is discernible. Accordingly, dismissal of count seven, alleging RICO and OCPA claims, was proper.

{¶60} As stated, to the extent any other statutes are referenced in Keith's complaint but are not addressed herein, the potential claim arising therefrom was properly dismissed in light of the lack of any corresponding allegations.

{¶61} Accordingly, Keith's first assigned error has merit in part. Dismissal of his R.C. 1322.07, 24 C.F.R. 3500.21(d), 15 U.S.C. 1641(g), civil conspiracy, RICO, and OCPA claims was warranted, and to this extent, we affirm the trial court's decision on different grounds. However, the trial court erred in dismissing Keith's claims for 15 U.S.C 1692e, negligence, breach of fiduciary duty, slander of title, declaratory judgment to quiet title, fraud, and misrepresentation. The dismissal of these claims is reversed and these claims are reinstated.

{¶62} Keith's second assigned error contends:

{¶63} "The trial court erred to the prejudice of appellant by dismissing the complaint against Kelly Wilk for failure to prosecute. (T.d. 22)."

{¶64} Civ.R. 41(B)(1), *Failure to Prosecute*, states*:* "Where the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a

14

defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim."

**{¶65}** A dismissal for failure to prosecute "operates as an adjudication upon the merits unless the court, in its order for dismissal, otherwise specifies." Civ.R. 41(B)(3); *Jones v. Hartranft*, 78 Ohio St.3d 368, 1997-Ohio-203, 678 N.E.2d 530 (1997).

**{¶66}** Here, Keith contends that the dismissal of his claims against Kelly based on the failure to prosecute is an abuse of discretion because he intended to file a motion for default judgment against her on December 31, 2018, but inadvertently filed the default motion against Discover because he was using his prior default judgment motion against Discover as a template and failed to change it.

**{¶67}** Keith filed his complaint in this case on September 20, 2018 and moved for default judgment against Discover sixty days later, November 20, 2018. Discover filed its motion to dismiss on November 26, 2018, and the trial court overruled Keith's motion for default on November 30, 2018.

**{¶68}** On December 19, 2018, the trial court granted Discover's motion, and in this same entry, advised Keith that he had 10 days to prosecute his claims against Kelly or they would be subject to dismissal. Thereafter, Keith filed a second motion for default judgment against Discover on December 31, 2018. Discover is identified in the caption and throughout the motion. However, the final paragraph states that Keith is seeking default judgment against Kelly.

**{¶69}** On January 4, 2019, Discover moved for sanctions based on the second motion for default judgment against it. One of the documents attached to the motion is a copy of Keith's counterclaims and cross-claims filed in August of 2017 in the separate

15

foreclosure proceedings. The claims against Discover and Kelly are very similar to those herein. Discover also attaches to its motion for sanctions the trial court's March 22, 2018, decision in the foreclosure action dismissing Keith's claims against Discover and Kelly without prejudice based on the failure to prosecute. Keith is represented by the same counsel in both proceedings.

**{¶70}** On January 10, 2019, the trial court herein dismissed Keith's claims against Kelly with prejudice. "'[A]ppellate review of a dismissal for failure to prosecute involves two assessments: first, whether the plaintiff was provided with sufficient notice prior to the dismissal; and second, whether the dismissal constituted an abuse of discretion.'" (Citation omitted.) *Bates v. Merchants Holding LLC*, 10th Dist. Franklin No. 17AP-622, 2018-Ohio-1699, 111 N.E.3d 704, ¶ 9.

**{¶71}** Because the dismissal here was with prejudice, we review pursuant to a heightened abuse of discretion standard and must consider certain factors in assessing whether Keith was proceeding in a deliberate dilatory fashion. *Jones v. Hartranft*, 78 Ohio St.3d 368, 372, 1997-Ohio-203, 678 N.E.2d 530 (1997). The heightened abuse of discretion came into being since the law favors disposing of cases on their merits. *Id.*

**{¶72}** "Proper factors for consideration in a Civ.R. 41(B)(1) dismissal with prejudice include the drawn-out history of the litigation, including a plaintiff's failure to respond to interrogatories until threatened with dismissal, and other evidence that a plaintiff is deliberately proceeding in dilatory fashion or has done so in a previously filed, and voluntarily dismissed, action. See *Link v. Wabash RR. Co.* (1962), 370 U.S. 626, 633–635, 82 S.Ct. 1386, 1390–1391, 8 L.Ed.2d 734, 740-741; *Indus. Risk Insurers v. Lorenz Equip. Co.* (1994), 69 Ohio St.3d 576, 635 N.E.2d 14, syllabus." *Id.*

**{¶73}** "Thus, '[w]hile a heightened scrutiny is utilized when reviewing a dismissal with prejudice, the action of the trial court will be affirmed when the conduct of a party is so negligent, irresponsible, contumacious or dilatory as to provide substantial grounds for a dismissal with prejudice for a failure to prosecute or obey a court order.'" (Citations omitted.) *533 Short N. LLC v. Zwerin*, 10th Dist. Franklin No. 16AP-490, 2017-Ohio-9194, 103 N.E.3d 258, ¶ 21.

**{¶74}** Keith filed several identical and a few comparable claims against Kelly and Discover in the separate foreclosure proceeding instituted against him in Lake County, Ohio. Keith's counterclaims and cross-claims in that suit against Kelly and Discover were dismissed without prejudice on March 22, 2018. Months later, he refiled his claims against Kelly and Discover in this case. And as of December 19, 2018, the trial court here warned Keith to prosecute his claims against Kelly or face dismissal. Keith then filed his second motion for default judgment against Discover a few days *after* the ten-day window to do so had expired. He now argues that this motion for default was intended to be a motion seeking default judgment against Kelly, not Discover.

**{¶75}** A close examination of Keith's second motion for default judgment against Discover confirms that he asks for default judgment against Kelly on page five in his conclusion. However, the caption and the remainder of the motion depict this motion as one seeking default against Discover.

**{¶76}** Although the dismissal of Keith's claims against Kelly here did not occur after the proceedings were pending for a long time, the same claims had been previously dismissed without prejudice for the same reason. Moreover, it is unreasonable to expect a trial court to scour pleadings to ascertain whether litigants are seeking relief other than

17

what is clearly stated in the caption. This error, coupled with the fact that Keith's claims against Kelly were previously dismissed for failure to prosecute in another case months earlier, supports the trial court's decision as reasonable and supported by the record. *Ivancic v. Enos*, 11th Dist. Lake No. 2011-L-050, 2012-Ohio-3639, 978 N.E.2d 927, ¶ 70 (holding that an abuse of discretion is an exercise of judgment that comports with neither reason nor the record). Accordingly, the trial court did not abuse its discretion, and Keith's second assigned error lacks merit and is overruled.

{¶77} The trial court's decision is affirmed in part, reversed in part, and remanded.


TIMOTHY P. CANNON, J.,

MARY JANE TRAPP, J.,

concur.