[Cite as *Bates v. Merchants Holding, L.L.C.*, 2018-Ohio-1699.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| James W. Bates, | : | |
| Plaintiff-Appellee, | : | No. 17AP-622 (C.P.C. No. 15CV-6657) |
| v. | : | |
| | | (ACCELERATED CALENDAR) |
| Merchants Holding LLC et al., | : | |
| Defendants-Appellees, | : | |
| Jeffrey Starner, | : | |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on May 1, 2018

**On brief:** *Brunner Quinn, Rick Brunner*, and *Patrick Quinn*, for appellee Merchants Holding LLC. **Argued:** *Rick Brunner*.

**On brief:** *Thomas C. Loepp, Law Offices, Co., LPA*, and *Thomas C. Loepp*, for appellant. **Argued:** *Thomas C. Loepp*.

APPEAL from the Franklin County Court of Common Pleas

DORRIAN, J.

{¶ 1} Defendant-appellant, Jeffrey Starner, appeals the August 4, 2017 judgment of the Franklin County Court of Common Pleas dismissing his cross-claims against defendants-appellees, Merchants Holding, LLC ("Merchants Holding") and Merchants 5 Star, Inc. ("Merchants Inc."), and third-party claims against Merchants 5 Star, Ltd. ("Merchants Ltd."). For the following reasons, we reverse.

I. Facts and Procedural History

{¶ 2} On August 3, 2015, plaintiff-appellee, James W. Bates, filed a complaint against Merchants Holding, Merchants Inc., and appellant. Bates asserted five claims for

relief: breach of contract, unjust enrichment, promissory estoppel, negligent misrepresentation, and common-law fraud. Bates sought $192,346.81 in compensatory damages, punitive damages, attorney fees, pre- and post-judgment interest, and costs. On August 20, 2015, attorneys for Christopher Davis, appointed receiver for Merchants Inc., filed a notice of appointment of receiver for Merchants Inc. and a suggestion of stay.[1] On September 10, 2015, the trial court filed a final agreed judgment entry granting judgment in favor of Bates against Merchants Holding in the amount of $130,000 in full satisfaction of the demand for relief in the complaint as to Merchants Holding only.

{¶ 3} On September 22, 2015, appellant filed an answer to Bates' complaint and cross-claims against Merchants Holding and Merchants Inc., and third-party claims against Merchants Ltd.[2] On the same date, appellant filed a motion to dismiss Bates' complaint against him. On November 24, 2015, appellant filed a motion for default judgment against Merchants Holding. On November 25, 2015, Bates filed a notice of dismissal of his complaint against appellant without prejudice.

{¶ 4} On April 11, 2016, the trial court filed a journal entry staying the case as to Merchants Inc. and Merchants Ltd., denying as moot appellant's motion to dismiss, and denying appellant's motion for default judgment against Merchants Holding.

{¶ 5} On January 31, 2017, appellant's counsel filed a motion to withdraw, which the trial court granted on February 15, 2017. On July 12, 2017, the trial court filed a journal entry lifting the stay and ordering a scheduling conference for August 4, 2017. In its July 12, 2017 entry, the trial court ordered "[n]o later than **Monday July 31**, each party that believes it retains any claim, affirmative defense or issue requiring decision in *this* case shall file a 'Statement of Claim(s), Affirmative Defense(s), and/or Issues.' " (Emphasis sic.) (Entry at 2.) On July 31, 2017, Merchants Holding filed a statement of claims, affirmative defenses and/or issues pursuant to the July 12, 2017 entry. On August 4, 2017, the trial

---

[1] We note that in the order attached to the August 20, 2015 notice of appointment of receiver, the court also appointed a receiver for Merchants Ltd.

[2] We note that appellant stated that Merchants Ltd. "was an Ohio limited partnership, which has since been dissolved pursuant to court order." (Sept. 22, 2015 Cross-Compl. and Third-Party Compl. at 10.) Appellant also stated that Merchants Inc. "was an Ohio corporation, which has since been dissolved pursuant to court order." (Sept. 22, 2015 Cross-Compl. and Third-Party Compl. at 10.)

court filed a final judgment dismissing appellant's claims for lack of prosecution pursuant to Civ.R. 41(B)(1) and (C).

## II.  Assignment of Error

{¶ 6}   Appellant appeals and assigns the following sole assignment of error for our review:

> The trial court erred and abused its discretion in dismissing the underlying lawsuit without giving the Plaintiff notice of same.

## III.  Discussion

{¶ 7}   In his assignment of error, appellant asserts the trial court erred in dismissing his claims with prejudice pursuant to Civ.R. 41(B)(1) because he never received notice of the trial court's July 12, 2017 order to show cause.[3]

{¶ 8}   We review a trial court's decision to dismiss a case under Civ.R. 41(B)(1) for an abuse of discretion. *Harris v. Levy*, 10th Dist. No. 11AP-301, 2012-Ohio-21, ¶ 21, citing *Thompson v. Ohio State Univ. Hosps.*, 10th Dist. No. 06AP-1117, 2007-Ohio-4668, ¶ 29. The phrase "abuse of discretion" implies the trial court's attitude was arbitrary, unreasonable, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). The Supreme Court of Ohio has declared the abuse of discretion standard is heightened when reviewing a dismissal with prejudice pursuant to Civ.R. 41(B)(1):

> [T]he extremely harsh sanction of dismissal should be reserved for cases when [a party's] conduct falls substantially below what is reasonable under the circumstances evidencing a complete disregard for the judicial system or the rights of the

---

[3] We note appellant also argues the trial court's dismissal should have been without prejudice because his third-party claims were never commenced. Although the trial court's order does not indicate whether the dismissal was with prejudice, it does state that "all remaining claims, cross claims, or purported third party claims by [appellant] are **DISMISSED** for lack of prosecution pursuant to Civ.R. 41(B)(1) and (C)." (Aug. 4, 2017 Final Judgment.) Civ.R. 14(A) provides that "[a]t any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him." Although counsel for appellant stated that "all parties" were served "via the Court's electronic filing system and/or by e-mail," such service would not be effective as to the third-party claims as Merchants Ltd. was not a party to the case because Bates did not file a claim against them. *See Citizens Loan & Savs. Co. v. Elio Internatl. Invests., Inc.*, 10th Dist. No. 98AP-794 (June 30, 1999) (finding in the context of a third-party complaint that Civ.R. 5(B) does not apply "until the intended litigant has been properly made a 'party' to the proceedings"). No evidence appears in the record demonstrating that service, pursuant to Civ.R. 4 through 4.6, of a summons and complaint was obtained on Merchants Ltd. Therefore, because service of process was not perfected, the trial court's dismissal of appellant's third party claims was otherwise than on the merits. *Thomas v. Freeman*, 79 Ohio St.3d 221, 225 (1997).

opposing party. In other words, dismissal is reserved for those cases in which the conduct of a party is so negligent, irresponsible, contumacious or dilatory as to provide substantial grounds for a dismissal with prejudice for a failure to prosecute or obey a court order. Absent such extreme circumstances, a court should first consider lesser sanctions before dismissing a case with prejudice. It is a basic tenet of Ohio jurisprudence that cases should be decided on their merits. Thus, although reviewing courts espouse an ordinary abuse of discretion standard of review for dismissals with prejudice, that standard is actually heightened when reviewing decisions that forever deny a plaintiff a review of a claim's merits.

(Internal citations and quotations omitted.) *Sazima v. Chalko*, 86 Ohio St.3d 151, 158 (1999). *See Quonset Hut, Inc. v. Ford Motor Co.*, 80 Ohio St.3d 46, 48 (1997) ("Despite the heightened scrutiny to which dismissals with prejudice are subject, this court will not hesitate to affirm the dismissal of an action when the conduct of a party is so negligent, irresponsible, contumacious or dilatory as to provide substantial grounds for a dismissal with prejudice for a failure to prosecute or obey a court order.") (Quotations and citations omitted.); *Geico Cas. Ins. Co. v. Durant-Baker*, 10th Dist. No. 13AP-573, 2014-Ohio-1530, ¶ 7.

{¶ 9} "A trial court errs in dismissing a plaintiff's case for failure to prosecute when notice has not been given." *Williams v. RPA Dev. Corp.*, 10th Dist. No. 07AP-881, 2008-Ohio-2695, ¶ 7, citing *Asres v. Dalton*, 10th Dist. No. 05AP-632, 2006-Ohio-507, ¶ 12. "Thus, appellate review of a dismissal for failure to prosecute involves two assessments: first, whether the plaintiff was provided with sufficient notice prior to the dismissal; and second, whether the dismissal constituted an abuse of discretion." *Geico* at ¶ 8, citing *Williams* at ¶ 8.

{¶ 10} Here, on January 31, 2017, appellant's counsel filed a motion to withdraw, providing in the motion appellant's mailing address and other contact information. The trial court granted the motion to withdraw and ordered the clerk to "update the docket in accordance with this Order." (Feb. 15, 2017 Order.) On July 12, 2017, the trial court filed its entry ordering the parties to file a statement of claims and to appear for a status conference. However, the record reveals the trial court did not mail notice of its July 12,

2017 entry to appellant, either at his personal address or at the address of his former counsel.

{¶ 11} Appellant admits that he and his replacement counsel became aware of the August 4, 2017 status conference one day before it was held. However, appellant does not state he was aware of the possibility of a dismissal of his claims for failing to appear. Additionally, it is unclear whether a single day would have given appellant a reasonable opportunity to defend against dismissal. *Quonset Hut* at 49 (finding that counsel has notice for purposes of Civ.R. 41(B)(1) in the context of a dismissal with prejudice for failing to comply with a discovery order where "counsel has been informed that dismissal is a possibility and has had a reasonable opportunity to defend against dismissal"). Thus, appellant's admitted awareness does not obviate the trial court's failure to provide notice required by Civ.R. 41(B)(1). *Geico* at ¶ 9 (finding that "despite plaintiff's arguably dilatory conduct prior to the granting of the motion to dismiss, the trial court committed reversible error by failing to afford plaintiff notice of the possibility of dismissal"). Accordingly, appellant's assignment of error is sustained.

{¶ 12} We note that neither party has addressed whether the statute of limitations for appellant's claims has elapsed, or whether the Ohio's savings statute, codified under R.C. 2305.19, permits appellant to refile his claims. As neither party has raised these issues, we decline to address them at this time. *See Lewis v. Moore*, 10th Dist. No. 16AP-775, 2017-Ohio-4049, ¶ 19.

## IV. Conclusion

{¶ 13} Having sustained appellant's sole assignment of error, we reverse the judgment of the Franklin County Court of Common Pleas and remand this matter for further proceedings consistent with law and this decision.

*Judgment reversed;*
*cause remanded.*

SADLER and LUPER SCHUSTER, JJ., concur.

———————————