[Cite as *Irani v. AMF Bowling Co.*, 2024-Ohio-2504.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Shler Irani, | : | |
| Plaintiff-Appellant, | : | No. 23AP-654 |
| | | (C.P.C. No. 20CV-5763) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| AMF Bowling Co. D/B/A | : | |
| AMF Sawmill Lanes et al., | | |
| | : | |
| Defendants-Appellees. | | |
| | : | |

D E C I S I O N

Rendered on June 28, 2024

**On brief:** *Mokhtari Law Firm, LLC*, and *Al A. Mokhtari*, for appellant. **Argued:** *Al A. Mokhtari*.

**On brief:** *Gallagher, Gams, Tallan, Barnes, & Littrell, L.L.P.*, and *Mitchell M. Tallan*, for appellees. **Argued:** *Mitchell M. Tallan*.

APPEAL from the Franklin County Court of Common Pleas

JAMISON, J.

**{¶ 1}** Plaintiff-appellant, Shler Irani, appeals from several judgments issued by the Franklin County Court of Common Pleas in favor of defendant-appellee, Saha Saadati. For the following reasons, we affirm in part, reverse in part, and remand for further proceedings.

## I. FACTS AND PROCEDURAL HISTORY

**{¶ 2}** According to Irani's complaint, on or about March 27, 2016, Irani was a business invitee at a bowling alley owned and/or operated by AMF Bowling Centers, Inc. ("AMF"). Irani alleged that AMF overserved alcoholic beverages to Saadati, who became intoxicated, fell out of a chair onto Irani's leg, and caused Irani serious injury. Irani asserted

a negligence claim against Saadati, and she sought recovery from AMF pursuant to the Dram Shop Act, R.C. 4399.18.

{¶ 3} As reflected in the trial court decision and in the briefing in this court, Irani originally filed this lawsuit on March 26, 2018, in case No. 18CV-2610, in the Franklin County Court of Common Pleas. Saadati and AMF filed answers in case No. 18CV-2610 and conducted discovery. AMF moved for summary judgment. On the date Irani's memorandum in opposition was due, she moved for an extension of time to respond to AMF's motion. The trial court granted Irani's motion. On February 7, 2019, Irani timely filed her memorandum in opposition to AMF's motion for summary judgment.

{¶ 4} On March 8, 2019, while the motion for summary judgment was pending, Irani moved to continue the trial date, which the original case schedule had set for March 25, 2019. Irani requested the continuance so she could complete a scheduled round of treatment for her leg injury. The trial court responded by vacating the trial date.

{¶ 5} On August 29, 2019, the trial court issued a decision and entry that granted AMF's motion for summary judgment.

{¶ 6} On September 20, 2019, Saadati filed a motion seeking to exclude from the trial medical records and bills that Irani did not disclose to Saadati until after August 14, 2019. Saadati complained that his expert witness did not have sufficient time to review the documents before his deposition, scheduled for September 26, 2019. Saadati also protested that Irani was late in turning over these documents, given that trial was scheduled for October 7, 2019.

{¶ 7} On September 25, 2019, shortly before the scheduled trial date, Irani dismissed the complaint in case No. 18CV-2610, without prejudice, by filing a notice of dismissal pursuant to Civ.R. 41(A)(1)(a).

{¶ 8} On August 31, 2020, Irani refiled essentially the same complaint against Saadati and AMF in Franklin County C.P. No. 20CV-5763. The trial court issued an original case schedule that set March 15, 2021 as the date for the supplemental joint disclosure of all witnesses. On that date, Irani disclosed several medical experts, including Dr. Robert Magnussen, Irani's treating orthopedist, and Dr. Scott Olenick, Irani's treating psychologist. Regarding both Dr. Magnussen and Dr. Olenick, Irani's disclosure stated, "This expert is a treating physician rather than a retained expert, who will be asked to testify

consistent with the opinions and facts set forth in the treatment records of this treating physician." (Mar. 15, 2021 Pl.'s Disclosure of Witnesses at 3-4.) Irani did not identify any retained medical experts in her supplemental disclosure of witnesses.[1]

{¶ 9} On May 24, 2021, the trial court issued an entry granting the parties' joint motion to continue the case scheduling deadlines. The trial court rescheduled the trial date for January 31, 2022.

{¶ 10} On October 28, 2021, Irani voluntarily dismissed her claims against AMF.

{¶ 11} On December 17, 2021, Irani belatedly disclosed a retained expert witness, Dr. Timothy Lubenow. Saadati immediately moved the trial court to exclude the expert witness due to the untimely disclosure. In her motion, Saadati contended that she had expended considerable resources to prepare for trial already. She pointed out that her expert had just reviewed approximately 1,000 pages of supplemental discovery responses that Irani had only produced five months previously. In response to this motion, Irani proposed that the trial court extend the case scheduling deadlines to allow time for Saadati to review and decide how to respond to Dr. Lubenow's report.

{¶ 12} The trial court did not immediately rule on the motion to exclude Dr. Lubenow. Instead, on January 10, 2022, the trial court issued an entry vacating the previously scheduled pre-trial and trial dates. The entry explained that the Franklin County Court of Common Pleas had limited the number of jurors entering the courthouse due to the COVID-19 pandemic, and thus, the court had instituted a rotating schedule for all jury trials. The trial court had to vacate the parties' trial because the court was not available for trial on January 31, 2022. Ultimately, the trial court rescheduled trial for October 17, 2022.

{¶ 13} On September 16, 2022, the trial court issued a judgment entry granting Sadaati's December 17, 2021 motion and excluding Dr. Lubenow from testifying at trial. The trial court ruled that:

> Here, it is without question that Plaintiff's disclosure of Dr. Lubenow as an expert witness was untimely and Plaintiff has admitted as much. The Court is not convinced by any of Plaintiff's justifications for this tardiness and cannot find that good cause existed for the late disclosure. Thus, the late disclosure constitutes a violation of the Local Rules. Due to the

[1] An expert is retained if he or she "comes to the case as a stranger and draws the opinion from facts supplied by others, in preparation for trial." *Downey v. Bob's Discount Furniture Holdings, Inc.*, 633 F.3d 1, 7 (1st Cir.2011). When an expert is part of the ongoing sequence of events, his opinion testimony is not retained. *Id.*

> belated disclosure and the prejudice it would cause to Defendant, the Motion to Exclude is **GRANTED**. Timothy Lubenow, M.D. is excluded as an expert in this matter and is not permitted to provide testimony at trial.

(Emphasis sic.) (Sept. 16, 2022 Decision & Entry Granting Def.'s Mot. to Exclude at 3.)

{¶ 14} On September 27, 2022, the trial court issued an entry vacating the trial set for October 17, 2022. The trial court rescheduled the trial for August 7, 2023.

{¶ 15} On June 13, 2023, Irani filed a motion asking the trial court to reconsider its earlier decision excluding Dr. Lubenow as an expert witness. In the alternative, Irani requested that the trial court permit her to call Dr. Lubenow as a rebuttal witness. In a decision and entry dated July 11, 2023, the trial court denied Irani's motion, stating, "Dr. Lubenow will not be allowed to testify at the trial in this matter." (July 11, 2023 Decision & Entry Den. Pl.'s Mot. to Reconsider at 2.)

{¶ 16} On July 12, 2023, Irani's attorney caused subpoenas to issue to Drs. Magnussen and Olenick commanding them to attend and give testimony at the August 7, 2023 trial. Each subpoena directed the subpoenaed person to contact the law firm of Irani's attorney "to confirm appearance and for scheduling purposes." (Emphasis omitted.) (July 12, 2023 Civil Subpoenas.)

{¶ 17} On July 21 and July 23, 2023, Saadati and Irani submitted their respective pre-trial statements. The parties primarily disagreed about Irani's claim that she suffers from Complex Regional Pain Syndrome ("CRPS") and depression as a proximate result of the incident at the bowling alley.

{¶ 18} At the July 24, 2023 pre-trial conference, Irani's attorney told the trial court that subpoenas to Drs. Magnussen and Olenick had been issued and he expected both doctors to testify at trial. Subsequent to the pre-trial conference, Drs. Magnussen and Olenick contacted the law firm of Irani's counsel as advised by the subpoenas. Both doctors expressed a preference for providing their trial testimony via deposition. Irani's attorney, therefore, deposed Dr. Olenick on August 1, 2023 and Dr. Magnussen on August 2, 2023. At these depositions, Saadati's attorney learned that Irani's attorney had not offered to compensate either witness for testifying.

{¶ 19} At an August 2, 2023 pre-trial conference, the trial court learned about the completed deposition of Dr. Olenick and the upcoming deposition of Dr. Magnussen. The

trial court stated that it was "troubled" because: (1) Irani's attorney used Civ.R. 45 subpoenas, rather than deposition notices, to obtain the witnesses' attendance at the depositions, (2) Irani's attorney did not offer to compensate Dr. Olenick prior to his deposition, and (3) Irani's attorney was deposing Drs. Olenick and Magnussen in an attempt to secure expert testimony that the trial court believed it had excluded from trial. (Aug. 2, 2023 Tr. at 23.) In response, Irani's attorney protested he complied with the Civil Rules of Ohio Procedure and court orders in deposing Dr. Olenick and scheduling Dr. Magnussen's deposition.

{¶ 20} On August 7, 2023, the scheduled trial date, the trial court began proceedings by stating:

> This matter is set for trial on today[,] however, over the past four to five days there have been a series of developments that the Court finds both challenging and concerning. And so what I want to do before I address those issues that have risen over the last four to five days, I think it's really important for me to read into the record kind of a procedural history and some other information that will help to explain what it is that the Court will do on today.

(Aug. 7, 2023 Tr. at 2-3.) The trial court proceeded to recount the procedural history of both the original 2018 case and the refiled case. The trial court also summarized its issues with the depositions of Drs. Magnussen and Olenick, and the court asked Irani's attorney to explain his decision-making regarding scheduling and conducting those depositions. The trial court then announced that the trial would not occur that day, and instead, the court would hold a hearing the next day so Irani could show cause why the court should not dismiss her case under Civ.R. 41(B)(1).

{¶ 21} The show cause hearing occurred on August 8, 2023. On October 5, 2023, the trial court issued a decision and judgment entry dismissing Irani's complaint, pursuant to Civ.R. 41(B)(1), for failure to prosecute. The judgment entry concludes that "Irani and her counsel failed habitually in complying with the Rules of Civil Procedure and this Court's orders and, therefore, the Court hereby finds that this matter is **DISMISSED WITH PREJUDICE**." (Emphasis sic.) (Oct. 5, 2023 Order & Entry Dismissing Pl.'s Compl. with Prejudice Pursuant to Civ.R. 41(B)(1) at 21.)

{¶ 22} Irani timely appealed to this court from the judgments issued on September 16, 2022, July 11, 2023, and October 5, 2023.

## II.  ASSIGNMENTS OF ERROR

{¶ 23} Irani assigns the following errors on appeal:

> [1.] The trial court abused its discretion by *sua sponte* setting a show cause hearing and ultimately dismissing Appellant's Complaint *with prejudice* for failure to prosecute pursuant to Civ.R. 41(B)(1), rather than empaneling a jury and proceeding to trial when all parties and counsel presented themselves prepared and with every intention of proceeding with trial.
>
> [2.] The trial court abused its discretion by precluding retained medical expert Timothy Lubenow, M.D. from testifying in Appellant's case in chief, despite a lack of prejudice to Appellee.
>
> [3.] The trial court abused its discretion by precluding retained medical expert Timothy Lubenow, M.D. from testifying as a rebuttal witness at trial, in response to new opinions disclosed by the defense medical expert during his video trial deposition.

(Emphasis sic.)

## III.  LEGAL ANALYSIS

{¶ 24} For purposes of clarity, we shall consider the assignments of error out of order.

### A. Second Assignment of Error – Exclusion of Retained Expert Witness

{¶ 25}  In her second assignment of error, Irani argues that the trial court erred when it excluded the testimony of her retained medical expert, Dr. Lubenow, due to untimely disclosure.  We disagree.

{¶ 26} The trial court excluded Dr. Lubenow as an expert witness because Irani failed to comply with former Loc.R. 43 of the Franklin County Court of Common Pleas, General Division.[2]   Under former Loc.R. 43.01, each party, "not later than the date for disclosure designated in the Case Schedule," was required to "serve on all parties and file with the court a written disclosure of all persons with relevant factual or expert knowledge whom the party reserves the option to call as witnesses at trial."  Parties were then required

---

[2] The Franklin County Court of Common Pleas, General Division, repealed former Loc.R. 43 on November 15, 2020 because the subject of the rule is now covered by Civ.R. 26(B).

to file supplemental disclosures of witnesses by the date designated in the case schedule "of all persons whose factual or expert knowledge did not appear relevant until the witnesses were initially disclosed." Former Loc.R. 43.02. Former Loc.R. 43.04 stated that "[a]ny witness not disclosed in compliance with this rule may not be called to testify at trial, unless the Trial Judge orders otherwise for good cause and subject to such conditions as justice requires."

{¶ 27} The admission or exclusion of evidence is generally within the discretion of the trial court, so long as that discretion is exercised in line with the rules of procedure and evidence. *Vacheresse v. Paulchel*, 10th Dist. No. 22AP-583, 2023-Ohio-3226, ¶ 25; *Berete v. Berete*, 10th Dist. No. 20AP-478, 2021-Ohio-2941, ¶ 9. Consequently, an appellate court will not reverse a trial court's decision to admit or exclude evidence absent an abuse of discretion. *Vacheresse* at ¶ 25; *Berete* at ¶ 9.

{¶ 28} In this case, Irani concedes that she did not timely disclose the identity or opinions of her retained expert witness. She contends, however, that the trial court abused its discretion by excluding her expert witness for her failure to comply with the disclosure deadline. Relying on *Woodruff v. Bar*, 10th Dist. No. 02AP-351, 2002-Ohio-5616, Irani argues that an appellate court will not affirm the trial court's exclusion of an expert witness unless the opposing party is unfairly prejudiced by the belated disclosure of that witness.

{¶ 29} In *Woodruff*, the trial court excluded the testimony of the plaintiff-appellant's medical expert witness because the plaintiff-appellant failed to file the necessary disclosures of witnesses. On appeal, this court agreed that the plaintiff-appellant did not file any disclosures of witnesses. We determined, however, that the defendant-appellee was otherwise apprised of the expert witness the plaintiff-appellant intended to use at trial because the defendant-appellee received the plaintiff-appellant's medical records in discovery, which named all the plaintiff-appellant's medical providers. The plaintiff-appellant had informed the defendant-appellee she would call her medical providers as witnesses, and the expert witness was one of the plaintiff-appellant's medical providers. Consequently, the defendant-appellee suffered little prejudice or surprise from the plaintiff-appellant's failure to file disclosures of witnesses. *Id*. at ¶ 17. This court thus concluded the sanction of excluding the plaintiff-appellant's expert witness was not

proportional to the violation, and the trial court had abused its discretion in not imposing a less severe penalty. *Id*. at ¶ 18-19.

**{¶ 30}** *Woodruff* is distinguishable on its facts. Here, unlike *Woodruff*, Dr. Lubenow was not involved in Irani's medical treatment. Saadati was unaware of Dr. Lubenow's involvement in the case until the untimely disclosure by Irani, approximately ten months after the supplemental witness disclosure date and two months prior to the scheduled trial date. In *Woodruff*, the defendant-appellee knew that the plaintiff-appellant intended to call the medical provider as a witness "well enough in advance of trial to allow defendant to prepare to question plaintiff's expert in deposition testimony." *Id*. at ¶ 19. Irani understood that her late disclosure of Dr. Lubenow did not give Saadati's attorney this same opportunity, as she requested postponement of the trial date to mitigate the " 'time crunch' " caused by the belated identification of Dr. Lubenow as an expert witness. (Dec. 24, 2021 Pl.'s Memo in Opp. to Def.'s Mot. to Exclude at 4, quoting the Dec. 17, 2021 email from Pl.'s attorney to Def.'s attorney.)

**{¶ 31}** Irani argues alternatively that any prejudice to Saadati from the late disclosure of Dr. Lubenow was alleviated by the subsequent continuances of the trial date and seven-month delay in ruling on the motion to exclude. Irani claims that even though the disclosure was untimely, the subsequent delay of the trial gave Saadati sufficient time to prepare for Dr. Lubenow's testimony. We disagree.

**{¶ 32}** Prior to the time the trial court ruled on the motion to exclude, Saadati was under no obligation to spend valuable time and resources preparing for an expert witness who was not timely disclosed and who may not be permitted to testify. Moreover, when the trial court granted the motion to exclude Dr. Lubenow's testimony on September 16, 2022, the trial date was a mere month away, on October 17, 2022. Thus, even though seven months had passed since the parties had briefed the motion to exclude, there still existed unfair prejudice to Saadati, i.e., insufficient time before trial to review Dr. Lubenow's opinion with her own expert and/or depose Dr. Lubenow. Although the trial court later postponed the trial date, that postponement occurred *after* the court excluded Dr. Lubenow's testimony, so it could not factor into the court's prejudice determination when ruling on the motion to exclude.

{¶ 33} Under the circumstances, we cannot say that the trial court abused its discretion by excluding Irani's expert witness, as the untimely disclosure of Dr. Lubenow caused Saadati unfair prejudice. Given this unfair prejudice, the trial court did not err in determining a lack of good cause existed to allow Dr. Lubenow to testify at trial. Accordingly, we overrule Irani's second assignment of error.

**B. Third Assignment of Error – Exclusion of Retained Expert Witness as a Rebuttal Witness**

{¶ 34} In her third assignment of error, Irani argues that the trial court erred when it denied her motion to allow her to call Dr. Lubenow as a rebuttal witness. We disagree.

{¶ 35} Rebuttal testimony is testimony "given to explain, refute, or disprove new facts introduced into evidence by the adverse party; it becomes relevant only to challenge the evidence offered by the opponent, and its scope is limited by such evidence." *State v. McNeil*, 83 Ohio St.3d 438, 446 (1998). Generally, the admission or exclusion of rebuttal testimony is a matter within the discretion of the trial court, and a ruling admitting or excluding such testimony will not be reversed absent an abuse of discretion. *Jarvis v. Hasan*, 10th Dist. No. 14AP-578, 2015-Ohio-1779, ¶ 80. However, a trial court's discretion over the admission or exclusion of rebuttal testimony is not absolute. *Id.* Rather, "[a] party has an unconditional right to present rebuttal testimony on matters which are first addressed in an opponent's case-in-chief and should not be brought in the rebutting party's case-in-chief." *Phung v. Waste Mgt., Inc.*, 71 Ohio St.3d 408, 410 (1994). Consequently, "a party possesses an unconditional right to present rebuttal testimony if: (1) the evidence is not cumulative; (2) the evidence would not be appropriate for the party's case-in-chief; and (3) the evidence is first addressed in the opponent's case-in-chief." *Brothers v. Morrone-O'Keefe Dev. Co.*, 10th Dist. No. 05AP-161, 2006-Ohio-1160, ¶ 6.

{¶ 36} In this case, Irani contends that, consistent with his expert report, Dr. Lubenow would testify that Irani: (1) suffers from CRPS as a result of the incident at the bowling alley, (2) needs further treatment for CRPS, and (3) suffers from depression and anxiety as a result of her injury and will likely need further treatment for that, as well. Not only is this evidence appropriate for Irani's case in chief, but it is also evidence she intended to attempt to produce during her case in chief though the testimony of Drs. Magnussen and

Olenick. Therefore, Irani does not have an unconditional right to present Dr. Lubenow's testimony on rebuttal.

**{¶ 37}** Additionally, we note that this court has called into question whether *Phung*'s "unconditional right" to present rebuttal testimony applies to a situation where a party wishes to call an expert witness on rebuttal even though the trial court has previously excluded the witness from testifying in the party's case in chief because the party failed to timely disclose the witness. *Lips v. Univ. of Cincinnati College of Medicine*, 10th Dist. No. 12AP-374, 2013-Ohio-1205, ¶ 48. In *Lips*, the Court of Claims excluded the plaintiff-appellant's expert witness due to the plaintiff-appellant's failure to timely disclose the expert and provide an expert report as required by a local rule. The plaintiff-appellant then sought to call the excluded expert witness to give rebuttal testimony. The trial court refused to allow the expert witness to testify on rebuttal.

**{¶ 38}** On appeal to this court, the plaintiff-appellant argued that the trial court erred by excluding the testimony of its rebuttal witness. This court agreed with the defendant-appellee that the local rule requiring disclosure made no exception for instances where a party intends to call an expert witness on rebuttal. This court then addressed the plaintiff-appellant's contention that the Supreme Court of Ohio's decision in *Phung* applied to expert witnesses:

> We find it unlikely that the Supreme Court of Ohio in *Phung* meant to establish an absolute rule that a plaintiff in a civil case may completely disregard a trial court's local rules and orders concerning the presentation of expert evidence simply because the plaintiff purports to "reserve" the witness for possible rebuttal purposes, and regardless of whether the plaintiff is surprised by the evidence first produced by the defendant at trial, or whether that evidence concerns expert witness opinions as opposed to testimony concerning facts.

*Lips* at ¶ 48.[3]

---

[3] In *Lips*, we ultimately concluded any error regarding the exclusion of the plaintiff-appellant's expert on rebuttal was harmless given the fact that the plaintiff-appellant had failed to produce evidence to establish a breach of the standard of care and the proposed expert testimony would not have rebutted the opinions of the defendant-appellee's expert witnesses. *Id.* at ¶ 60.

{¶ 39} We have determined the untimely disclosure of Dr. Lubenow unfairly prejudiced Saadati and the trial court did not abuse its discretion when it excluded Irani's expert witness from testifying in her case in chief. Consequently, we cannot say that the trial court abused its discretion in prohibiting Dr. Lubenow from testifying as a rebuttal witness. We thus overrule Irani's third assignment of error.

## C. First Assignment of Error – Failure to Prosecute

{¶ 40} In her first assignment of error, Irani contends that the trial court erred when it sua sponte dismissed her complaint for failure to prosecute. We agree.

{¶ 41} Civ.R. 41(B)(1) provides that "[w]here the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim." This court reviews a trial court's decision to dismiss a case under Civ.R. 41(B)(1) for an abuse of discretion. *Bates v. Merchants Holding L.L.C.*, 10th Dist. No. 17AP-622, 2018-Ohio-1699, ¶ 8. An abuse of discretion generally implies that the trial court's attitude was arbitrary, unreasonable, or unconscionable. *Id.* However, in *Sazima v. Chalko*, 86 Ohio St.3d 151, 1999-Ohio-92, the Supreme Court adopted a heightened standard of review for a dismissal with prejudice pursuant to Civ.R. 41(B)(1):

> [T]he extremely harsh sanction of dismissal should be reserved for cases when [a party's] conduct falls substantially below what is reasonable under the circumstances evidencing a complete disregard for the judicial system or the rights of the opposing party. In other words, dismissal is reserved for those cases in which the conduct of a party is so negligent, irresponsible, contumacious or dilatory as to provide substantial grounds for a dismissal with prejudice for a failure to prosecute or obey a court order. Absent such extreme circumstances, a court should first consider lesser sanctions before dismissing a case with prejudice. It is a basic tenet of Ohio jurisprudence that cases should be decided on their merits. *Thus, although reviewing courts espouse an ordinary abuse of discretion standard of review for dismissals with prejudice, that standard is actually heightened when reviewing decisions that forever deny a plaintiff a review of a claim's merits.*

(Emphasis added.) (Internal citations and quotations omitted.) *Id.* at 158.

{¶ 42} The trial court dismissed Irani's case under Civ.R. 41(B)(1) because she "failed habitually in complying with the Rules of Civil Procedure and [the] Court's orders." (Oct. 5, 2023 Order & Entry Dismissing Pl.'s Compl. at 21.)  In the analysis portion of its decision, the trial court recounts those incidents that it believes constitute "Irani's pattern and practice of flouting her obligations to comply with the rules." *Id.* at 15.

{¶ 43} Initially, we note that, in actuality, the trial court criticizes Irani for multiple actions that do not amount in a violation of the Ohio Civil Rules of Procedure or a court order.  To justify a dismissal under Civ.R. 41(B)(1), the negligent, irresponsible, or contumacious conduct of a party must result in the violation of a civil rule or court order. *Sazima* at 158.  We thus do not discuss or review the conduct the trial court criticizes that does not arise to that level.

{¶ 44} The trial court first cites two violations of a civil rule and/or court order that occurred in case No. 18CV-2610.  In dismissing an action under Civ.R. 41(B)(1), a trial court may consider the entire history of the litigation, including a previously filed, and voluntarily dismissed, action.  *Sazima* at 158.  However, as Saadati points out, the record in case No. 18CV-2610 is not part of the record in the case currently on appeal.  Nevertheless, an appellate court may take judicial notice of public court records readily accessible on the internet.  *Estate of Coumbassa v. Hickle*, 10th Dist. No. 22AP-788, 2023-Ohio-4292, ¶ 2, fn. 1; *Starner v. Onda*, 10th Dist. No. 22AP-599, 2023-Ohio-1955, ¶ 15, fn. 2; *Lane v. U.S. Bank N.A.*, 10th Dist. No. 22AP-358, 2023-Ohio-1552, ¶ 2.  Because the court filings in case No. 18CV-2610 are publicly available on the internet, we take judicial notice of them.

{¶ 45} In the first incident the trial court refers to from case No. 18CV-2610, Irani moved for an extension of time to file her memorandum in opposition to AMF's motion for summary judgment on the date her memorandum was due.  The trial court granted the extension, and Irani filed her memorandum in opposition within the time the trial court provided.  While Irani should have sought an extension earlier, she complied with Civ.R. 6(B) in moving for the extension and, because the trial court granted her the extension, she timely filed her memorandum in opposition.  We, therefore, conclude that no rule violation occurred.

{¶ 46} In the second incident, Irani belatedly disclosed medical bills to Saadati after the discovery cutoff date and, apparently, in violation of Civ.R. 34.  Saadati moved to

exclude evidence of the medical bills from trial. Irani, however, voluntarily dismissed her complaint five days after Saadati moved to exclude the medical bills, thus mooting Saadati's motion and Irani's discovery violation.

{¶ 47} Turning to this case, the trial court found more violations of the civil rules and/or court orders. First, Irani failed to comply with the original case schedule when she did not timely disclose her retained expert witness, Dr. Lubenow. The trial court, however, sanctioned Irani for this failure by excluding Dr. Lubenow from testifying.

{¶ 48} Second, the trial court noted that, according to Saadati, Irani was late in providing discovery responses, an apparent violation of Civ.R. 33 and 34. Although Irani may not have timely produced the requested discovery, Saadati did not move to compel production of that discovery. Saadati only informed the trial court of Irani's discovery lapse to buttress her motion to exclude Dr. Lubenow's testimony.

{¶ 49} Third, Irani moved for an extension of time to file a memorandum in opposition to a motion in limine. As the trial court did not grant Irani this extension, she filed her memorandum in opposition late, a violation of Civ.R. 6(C)(2).

{¶ 50} The trial court primarily dismissed Irani's case because Irani supposedly misused the court's subpoena power. The trial court had multiple reasons for this conclusion: (1) Irani violated Civ.R. 45 by using subpoenas to obtain Drs. Magnussen's and Olenick's attendance at their trial depositions, (2) Irani violated court orders precluding any expert witness from testifying by attempting to obtain Dr. Magnussen's expert opinions at his deposition, (3) Irani implied to Drs. Magnussen and Olenick that they could be subject to court sanction if they did not testify, and (4) Irani failed to advise the doctors that they were entitled to payment for their expert testimony. We will address each reason in order.

{¶ 51} The subpoenas issued to the doctors commanded them to attend and give testimony at a jury trial on August 7, 2023. However, at the doctors' requests, Irani's attorney deposed the doctors instead of insisting they appear at trial. In conducting trial depositions of the doctors, Irani's attorney was complying with Civ.R. 45(C)(1), which states, "A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden * * * on a person subject to that subpoena." Moreover, Civ.R. 30(A) permits a party to use a subpoena to compel a non-

party witness's deposition. *Id.* ("The attendance of a witness deponent may be compelled by the use of subpoena as provided by Civ.R. 45."). Consequently, Irani properly invoked Civ.R. 45 to obtain the testimony of Drs. Magnussen and Olenick at their depositions.

**{¶ 52}** Next, the trial court contends that Irani's attorney elicited deposition testimony from Dr. Magnussen in violation of court orders "preclud[ing] [Irani] from providing expert testimony based on the failure to comply with the Court's deadline for identification of an expert witness." (Oct. 5, 2023 Order & Entry Dismissing Pl.'s Compl. at 20.) In its September 16, 2022 and July 11, 2023 decisions and entries, the trial court found that Irani failed to timely disclose Dr. Lubenow as an expert witness, and the court excluded his testimony. However, the September 16, 2022 and July 11, 2023 decisions and entries do not bar Irani from providing *any* expert testimony. The trial court's decisions and entries do not mention, much less exclude, the testimony of Drs. Magnussen. Consequently, no court order precludes him from testifying as an expert witness.[4]

**{¶ 53}** The trial court also criticizes Irani for intimating to the doctors that if they did not appear for their depositions, they would be subject to court sanction. In fact, neither doctor testified that Irani's attorney said or suggested to him that he could be subject to court sanction if he did not testify. Even if the attorney had said or suggested that, however, he would not be wrong. According to Civ.R. 45(E), "[f]ailure by any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued." That warning appeared on the subpoenas served on the doctors and may have been why the doctors believed they had an obligation to testify.

**{¶ 54}** Finally, the trial court finds fault with Irani's counsel for not advising Drs. Magnussen and Olenick that they were entitled to compensation for their expert testimony. Although Civ.R. 45 provides safeguards to protect unretained experts, those safeguards do not include a requirement that an attorney advise an unretained expert of a right to payment. Instead, an unretained expert who receives a subpoena to testify may seek to quash or modify that subpoena under Civ.R. 45(C)(3)(c) and (C)(5), which provide:

---

[4] Tangentially, we note that Irani timely disclosed Drs. Magnussen and Olenick as unretained expert witnesses in her March 15, 2021 supplemental disclosure of witnesses. Therefore, former Loc.R. 43.03 does not bar their testimony.

(3) On timely motion, the court from which the subpoena was issued shall quash or modify the subpoena, or order appearance or production only under specified conditions, if the subpoena does any of the following:

* * *

(c) Requires disclosure of a fact known or opinion held by an expert not retained or specially employed by any party in anticipation of litigation or preparation for trial as described by Civ.R. 26(B)(7)(h), if the fact or opinion does not describe specific events or occurrences in dispute and results from study by that expert that was not made at the request of any party[.]

* * *

(5) If a motion is made under division (C)(3)(c) * * * of this rule, the court shall quash or modify the subpoena unless the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is address will be reasonably compensated.

{¶ 55} Civ.R. 45(C)(3)(c) is modeled after Fed.R.Civ.P. 45(d)(3)(B)(ii). 1993 Staff Note, Civ.R. 45. Both the federal and state rule were adopted because compelling unretained experts to give opinion testimony forces them to give up their intellectual property without the opportunity to bargain for the value of their services. 1991 Notes of Advisory Committee, Civ.R. 45(c)(3)(B)(ii) (because of later revisions to the Federal Rules of Civil Procedure, the text originally located at Fed.R.Civ.P. 45(c)(3)(B)(ii) is now found at Fed.R.Civ.P. 45(d)(3)(B)(ii)).

{¶ 56} Although there are scant Ohio cases interpreting Civ.R. 45(C)(3)(c), federal precedent has developed applying Fed.R.Civ.P. 45(d)(3)(B)(ii). Generally, opinion testimony is shielded by Fed.R.Civ.P. 45(d)(3)(B)(ii); factual information is not. *Cable v. Weinman*, 233 F.R.D. 70, 77 (D.Mass.2006); *accord Statutory Commt. of Unsecured Creditors v. Motorola, Inc.*, 218 F.R.D. 325, 327 (D.D.C.2003) ("When * * * a party seeks only factual information relating to an issue in the case, a witness cannot demand any greater compensation than any other witness merely because he or she can claim some expertise in a discipline or calling."), *Arkwright Mut. Ins. Co. v. Natl. Union Fire Ins. Co.*, 148 F.R.D. 552, 557 (S.D.W.Va.1993), quoting 1991 Notes of Advisory Committee, Civ.R.

45(c)(3)(B)(ii) ("Discovery of * * * purely factual information does not comprise the 'intellectual property' of [a witness] and is therefore not protected by Rule 45([d])(3)(B)(ii)."). Thus, under Fed.R. 45(d)(3)(B)(ii), the decision to quash is informed by the degree to which the expert is called because of his knowledge of facts relevant to the case rather than to give expert testimony. *Cable* at 76. In other words, the court must parse whether the subpoenaing party seeks testimony regarding information learned through the witness's direct observations or information learned through the witness's own study. *In re Schaefer*, 331 F.R.D. 603, 609 (W.D.Pa.2019). We apply this same interpretation to Civ.R. 45(C)(3)(c).

{¶ 57} Both Drs. Magnussen and Olenick could have moved, pursuant to Civ.R. 45(C)(3)(c), to limit their subpoenas so that they only had to testify regarding the facts, i.e., the specific events in dispute that they personally observed.[5] Had the doctors filed such motions, Irani would have had the opportunity to argue that she had a substantial need for their opinion testimony, that she could not otherwise meet without undue hardship, and to offer the doctors reasonable compensation for their opinion testimony. Because the doctors did not move under Civ.R. 45(C)(3)(c) to modify the subpoenas, nothing limited the scope of their depositions only to the facts. Additionally, the question of compensation for Drs. Magnussen and Olenick for their expert testimony never arose under Civ.R. 45.

{¶ 58} Optimally, Irani would voluntarily pay Drs. Magnussen and Olenick for their opinion testimony. Irani represented to the trial court that he has offered to do so. However, Irani did not violate the civil rules by failing to advise Drs. Magnussen and Olenick that they were due compensation for any expert testimony they gave in their trial depositions.

{¶ 59} Having reviewed all the alleged violations of the civil rules and court orders set forth by the trial court, we cannot conclude that Irani's conduct evinces such a complete disregard for the judicial system that dismissal is warranted. The trial court relied heavily on Irani's actions in deposing Drs. Magnussen and Olenick to justify the dismissal. Irani's actions, however, violated neither Civ.R. 45 nor a court order. Although Irani's failure to timely disclose Dr. Lubenow as an expert witness was a serious lapse, the trial court

---

[5] The subpoenas issued to Drs. Magnussen and Olenick set forth the text of Civ.R. 45(C)(3)(c), as required by Civ.R. 45(A)(1)(c).

sanctioned Irani for that lapse by excluding Dr. Lubenow's testimony. The remaining violations of the civil rules and court orders do not amount to the type of misconduct that merits the extreme sanction of dismissal.

{¶ 60} Given our standard of review, which requires heightened scrutiny of Civ.R. 41(B)(1) dismissals, we conclude it was not reasonable for the trial court to dismiss the case on the eve of trial. Accordingly, we hold that the trial court abused its discretion by imposing the most severe sanction of dismissal without first considering other available sanctions. We thus sustain Irani's first assignment of error.

## IV. Conclusion

{¶ 61} For the foregoing reasons, we sustain Irani's first assignment of error, and we overrule Irani's second and third assignments of error. Therefore, we affirm the Franklin County Court of Common Pleas' September 16, 2022 and July 11, 2023 judgments, and we reverse the October 5, 2023 judgment. We remand this matter for further proceedings consistent with law and this decision.

*September 16, 2022 and July 11, 2023 judgments affirmed*;
*October 5, 2023 judgment reversed*;
*and cause remanded.*

MENTEL, P.J., and EDELSTEIN, J., concur.

————————————